UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN D. MCDAVIS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-01556-CMS |
| | ) |
| CAPTAIN UNKNOWN PRICE and | ) |
| SGT. UNKNOWN PENA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Kevin D. McDavis, Jr. brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on this review, the Court will direct Plaintiff to file an amended complaint, on the court-provided form, in compliance with the instructions set out below. Furthermore, as there is no constitutional right to appointment of counsel in civil cases and appointing counsel at this stage of the proceeding would be premature, the Court will deny Plaintiff's motion for counsel (ECF No. 3), subject to refiling at a later date. The Court warns Plaintiff that his failure to comply with this Order will result in dismissal of this action without further notice to Plaintiff.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a convicted and sentenced state prisoner at Potosi Correctional Center (PCC) in Mineral Point, Missouri. ECF No. 1 at 2. In his signed and sworn motion to proceed in district court without prepaying fees or costs, Plaintiff states that he is not employed but that he does receive money from his family "from time to time." ECF No. 2 at 1. Although the form motion states that an inmate must submit a certified prison account statement, Plaintiff has not done so. Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff brings this 42 U.S.C. § 1983 action against two defendants employed at PCC, Captain Unknown Price and Seargeant Unknown Pena, in their individual capacities only. ECF No. 1 at 1-3. Plaintiff's sole claim is that his "recreation" at PCC was "refuse[d]." *Id.* at 3.

Plaintiff provides conflicting information as to the period during which he was allegedly denied recreation. He states both that the refusal occurred "over 6 month span" and that it occurred from November 2024 until case filing (September 2025)—a ten-month period. *Id.* at 3, 10 (complaint signed on September 9, 2025); *see also id.* at 7 (stating "no recreation was going on from the time frame of November 2024 till April 2025"). In addition, Plaintiff attached his Offender Grievance Appeal[1] which states that he had been in administrative segregation ("ad-seg") for "over 56 days" as of April 23, 2025, and that during that time, he had never been asked if he wanted recreation. ECF No. 1-1 at 1. This document seems to indicate a completely different time period at issue—something closer to two months.

Similarly, Plaintiff provides conflicting information on injuries suffered. He states both that he did not suffer injuries and that he experienced: "Mental draining[.] No recreation[.] No sun light[.] Physically can't work out because double cells too small for 2 men both to mov[e] around on it." ECF No. 1 at 3-4.

In terms of relief requested, Plaintiff wants $10,000 in money damages and Defendants Price and Pena fired from " all Ad-seg duties." *Id.* at 5.

## Discussion

Based on a careful review and liberal construction of the Complaint, Plaintiff has not adequately alleged claims to withstand review under 28 U.S.C. § 1915(e)(2). However, because Plaintiff is self-represented, the Court will allow him to amend his Complaint in accordance with the instructions set forth below. *See Munz v. Parr*, 758 F.2d 1254 (8th Cir. 1985) (discussing how a court should give a self-represented plaintiff a statement of the complaint's deficiencies and a

---

[1] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

chance to amend the complaint). Plaintiff should consider the following legal issues in filing his amended complaint.

The United States Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). To establish a conditions-of-confinement claim under the Eighth Amendment, a prisoner must demonstrate (1) that the alleged deprivation was "objectively, sufficiently serious" to result in the "denial of the minimal civilized measure of life's necessities," and (2) that the defendant whose act or omission caused the alleged constitutional deprivation behaved with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations and citations omitted); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004).

As to recreation time specifically, the Eighth Amendment may be violated if a prisoner can show that prison officials were deliberately indifferent to his exercise needs. *Wishon v. Gammon*, 978 F.2d 446, 448-49 (8th Cir. 1992). In determining whether an inmate has been deprived of adequate exercise, "courts must consider several factors including: (1) the opportunity to be out of the cell; (2) the availability of recreation within the cell; (3) the size of the cell; and (4) the duration of confinement." *Id*. at 449. Furthermore, a limitation of out-of-cell exercise does not necessarily violate the constitution. *See id.* (determining that 45 minutes of out-of-cell recreation a week did not violate Constitution); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (stating that denial of exercise privileges for thirty-seven days was not an atypical and significant hardship in the context of normal prison life).

Here, Plaintiff alleges that he was refused recreation at PCC, but he has not provided enough information for the Court to find that his Complaint states an Eighth Amendment conditions-of-confinement claim. For example, it is unclear how long Plaintiff alleges to have

been denied recreation.  In addition, Plaintiff provides no facts as to what opportunities he had to be out of his cell during the time period at issue.  In his amended complaint, Plaintiff should provide specifics as to the exact duration of the denial of recreation, the opportunities he had outside his cell during this time, and what recreation was possible within his cell given the cell size.  Moreover, Plaintiff states in his grievance document that over a 56-day period, "I haven't been asked for recreation not one time." ECF No. 1-1 at 1.  This allegation is not enough to state a deliberate indifference claim because Plaintiff does not assert that he requested and was denied recreation.

Furthermore, Plaintiff names two PCC employees as defendants but he does make any specific allegations against these defendants.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).  "Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (internal citations omitted).

In the amended complaint, Plaintiff must provide the role of each named defendant in this case, so that each specific defendant can know what he or she is accused of doing.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim") (internal quotations and citation omitted).  Plaintiff should explain why he believes these two defendants were personally responsible for his lack of recreation over the alleged period of denial.

Finally, Plaintiff's Complaint fails to state an actionable claim under the Prison Litigation Reform Act ("PLRA") for compensatory damages. The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury.").

In this case, Plaintiff states that he did not suffer injury, only "mental draining." ECF No. 1 at 4. This is not enough to state a claim for compensatory damages under the PLRA. Therefore, Plaintiff's amended complaint should not seek relief in the form of compensatory damages and will be denied in that respect if it does.

### Instructions for Amending the Complaint

1. **Form and Legibility**. Plaintiff shall type or neatly print the amended complaint on the Court-provided form. If handwritten, the writing must be legible.

2. **Caption**. In the "Caption" section, Plaintiff must:

   - Provide the case number as it appears on this Order.

   - List the full names of all the individuals or entities he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]")

3. **Statement of Claim**. The "Statement of Claim" section must include:

   - A short and plain statement of the factual allegations supporting each claim. *See* Fed. R. Civ. P. 8(a).

   - Separate, numbered paragraphs, with each paragraph addressing a single set of circumstances. *See* Fed. R. Civ. P. 10(b).

   - A clear explanation of how each Defendant's actions or omissions violated Plaintiff's rights. *See Topchian*, 760 F.3d at 848.

- Facts establishing each Defendant's personal involvement in the alleged violations. *See Madewell*, 909 F.2d at 1208.

- Specific factual allegations, rather than conclusory statements or formulaic recitations of legal elements. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (citation and quotation marks omitted).

4. **Capacity**.  Plaintiff shall specify whether he sues each Defendant in his individual capacity, official capacity, or both.

5. **Joinder**.  If Plaintiff names multiple Defendants, he may only assert claims that (1) arise out of the same transaction or occurrence, and (2) involve a common question of law or fact. *See* Fed. R. Civ. P. 20(a)(2).  Unrelated claims against different Defendants must be filed as separate lawsuits.  If Plaintiff names only a single Defendant, he may assert as many claims as he has against that Defendant.  *See* Fed. R. Civ. P. 18(a).

6. **Effect**.  The amended complaint will completely replace the original complaint. Any claims not re-alleged in the amended complaint will be deemed abandoned.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

7. **Signature**.  Plaintiff must fully complete and sign the amended complaint in compliance with Federal Rule 11.

## Motion for Appointment of Counsel

Finally, Plaintiff has filed a motion for appointment of counsel.  ECF No. 3.  The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court.  *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  There is no constitutional

or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Once a plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds, Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves consideration of several relevant criteria, including the complexity of the legal issues and arguments, the ability of the indigent person to investigate the facts and present the claims, and the existence of conflicting testimony. *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as defendants have not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that, within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice.**

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 25th day of February, 2026.

                                                                                              _____
                                                                                              CRISTIAN M. STEVENS
                                                                                              UNITED STATES DISTRICT JUDGE